

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PANDUIT CORP., )
)
            Plaintiff, )
)    No. 04 C 4765
   v. )
)
CHATSWORTH PRODUCTS, INC. )
)
)
            Defendant. )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Before this court is plaintiff Panduit Corporation's ("Panduit") Motion to Stay filed on November 18, 2004. For the following reasons, and upon the following condition, the Motion to Stay is granted.

## BACKGROUND

This case began on July 20, 2004 with Panduit filing a complaint, requesting a temporary restraining order and preliminary injunction against a number of defendants, including Chatsworth Products Incorporated ("Chatsworth"), alleging that those defendants infringed upon Panduit's United States Patent 6,766,093 ("'093 patent"). After discovery on the issue of the preliminary injunction, Chatsworth amended its answer in this case to include a request for a declaratory judgment on the basis that Panduit's '093 patent is invalid. Chatsworth also informed Panduit of the reasons why Chatsworth believes the '093 patent is invalid. Subsequently, on November 18, 2004, Panduit filed an application for reissue of '093 patent with the Patent and Trademark Office

1

("PTO") pursuant to 35 U.S.C. § 251. On that same day, Panduit filed the instant Motion to Stay, requesting that this court stay this litigation pending a determination by the PTO on Panduit's application for reissue.

## ANALYSIS

A district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." L.E.A. Dynatech, Inc. v. F. Allina, 49 F.3d 1527, 1530 (Fed. Cir. 1995) (quoting Landis v. North Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936)). The Federal Circuit has recognized that a district court may properly stay an infringement suit pending the PTO's reexamination pursuant to 35 U.S.C. § 302 of the patent in suit. Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983). Other courts have allowed stays while a party files an application for reissue pursuant to 35 U.S.C. § 251 of the patent in suit. Clintec Nutrition Co. v. Abbott Labs., No. 94 C 3152, 1995 WL 228988, at *1 (N.D. Ill. Apr. 14, 1995); ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).

In deciding a motion to stay, courts generally consider the following factors: (1) whether a stay will result in a simplification or a complication of the issues; (2) what stage the litigation is at, including whether discovery is in its early stages or will almost be completed, and whether a trial date has been set; and (3) whether the stay will cause undue prejudice to the nonmoving parties. Clintec Nutrition Co., 1995 WL 228988, at *1; In re Laughlin Products, Inc., 265 F.Supp.2d 525, 530 (E.D. Pa. 2003).

The first two factors weigh in favor of granting a stay in this case. Chatsworth has raised issues regarding the validity of the '093 patent, issues Panduit apparently believes can be corrected by a reissuance from the PTO. Allowing the PTO to consider the arguments presented by

2

Chatsworth as to invalidity will simplify the issues presented to this court. Furthermore, this case is in its early stages. The only discovery that has occurred was done in the context of the motion for preliminary injunction. This court has not issued a scheduling order, and no trial date has been set.

But the third factor, prejudice to the nonmoving parties, weighs against granting the stay. Courts have found prejudice where a "plaintiff in a patent infringement case has instituted litigation in court, advised customers of its competitor of the litigation then requested reexamination by the PTO and requested a stay of the litigation pending reexamination." Wayne Automation Corp. v. R.A. Pearson Co., 782 F.Supp. 516 (E.D. Wash. 1991); see also Enprotech Corp. v. Autotech Corp., 15 U.S.P.Q. 2d 1319, 1320 (N.D. Ill. 1990). Courts have found such a course of conduct prejudicial because it provides an unfair competitive advantage for the plaintiff. A plaintiff should not be allowed the benefit of touting to the industry an infringement suit that plaintiff is neither willing nor able to prosecute.

Prejudice to the nonmoving party is not established by unsupported allegations that a plaintiff is attempting to gain an unfair competitive advantage by informing customers of an infringement suit. ASCII Corp. 844 F.Supp. at 1381. Courts cannot rest their decisions on conjecture. However, in this case, Chatsworth does not rely upon conjecture. Chatsworth has presented this court with a press release that Panduit published on July 20, 2004 ("July 20, 2004 press release") on its website, and apparently continues to publish to this day. (Def.'s Resp., Dkt. No. 42, Ex. I.) In that press release, Panduit touts the infringement suit filed against Chatsworth, even though Panduit has now recognized that it needs to have the '093 patent reissued.

The first two factors weigh in favor of granting Panduit its requested stay, but a stay would prejudice Chatsworth by providing Panduit with an unfair competitive advantage. A reasonable

3

solution to this problem would be for Panduit to agree to dismiss its infringement suit without prejudice until such time that Panduit is in a position to actually press its claim. Fed. R. Civ. P. 41(a)(2). Panduit seemed to agree to a voluntary dismissal. But such a dismissal, of course, would require that Panduit agrees to pay Chatsworth for attorney's fees that would not be useful in subsequent litigation of the same claim. Marlow v. Winston & Strawn, 19 F.3d 300, 304-06 (7th Cir. 1994) (explaining that requiring a plaintiff requesting voluntary dismissal to pay limited attorney's fees to the nonmoving party is the "quid pro quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again.") (citing McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985)). Panduit is adamant that it will not agree to the general procedure of paying limited attorney's fees in exchange for being able to dismiss this action. Accordingly, Panduit is not willing to voluntarily dismiss its claims under terms that are proper.

This court will not grant Panduit a stay as long as Panduit continues to tout to the industry that Panduit is pursuing an infringement action on the '093 patent against Chatsworth. Absent that prejudice to Chatsworth, however, the court believes a stay would be appropriate. Accordingly, this court will grant the stay if Panduit complies with the following condition that this court believes will ameliorate the unfair prejudice to Chatsworth. Panduit shall post the following on its website, in a materially similar manner as it posted its July 20, 2004 press release:

> Panduit Corp. announced today that it has requested a stay of the patent infringement suit it previously filed against Chatsworth Products, Inc., HellermannTyton and Otronics, Inc. That suit was filed in the Northern District of Illinois on July 20, 2004, and alleged infringement of Panduit's United States Patent No. 6,766,093 (the '093 patent). Panduit has now requested a stay of its infringement suit to allow the Patent and Trademark Office (PTO) to consider an application for reissue of the '093 patent filed with the PTO pursuant to 35 U.S.C. § 251. Panduit filed the reissue application

4

to correct inventorship and claim priority to a co-pending application. In addition, Panduit has submitted and the PTO will consider, the references cited by Chatsworth Products, Inc. during the patent infringement suit thus far. The PTO will also be made aware of Chatsworth Products, Inc.'s arguments of invalidity in light of these references. On March 2, 2004, the court for the Northen District of Illinois granted Panduit's requested stay.

Panduit must either comply with this condition or inform this court of its intent to reject this condition. This court notes that the fourth, fifth and sixth sentences of the preceding press release proposed by this court are taken nearly verbatim from Panduit' Motion to Stay. (Dkt. No. 39, ¶ 2.) This case is set for a report on status on March 10, 2005, at which time Panduit shall either have complied with the above stated condition or state its reasons why it rejects that condition.

CONCLUSION

For the foregoing reasons, and upon the foregoing stated condition, the Motion to Stay is granted.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: March 2, 2005